U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

MAR 13 2008

ROBERT H. SHEMWELL, CLERK
BY _____ PAM _____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TOMA GODWIN AYIGBA** | : | **DOCKET NO. 08-cv-0015** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the Court is a petition for a writ of *habeas corpus* filed by *pro se* petitioner Toma Godwin Ayigba, filed pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

In his petition, Petitioner states that he was ordered removed from the United States on April 14, 2006 and that he waived his right to appeal the removal order. He claims that he has been in post-removal order detention since that time. He contends that he "is continually detained by (BICE) Bureau of Immigration and Custom Enforcement in violation of law" and, therefore, he seeks to have this Court order his release.

In light of facts presented by Petitioner, the Court ordered the government to respond to the petition. In its response, the government moves to dismiss the petition for lack of jurisdiction because Petitioner is no longer in federal custody. In support of its position, the government presents documentation that establishes that Petitioner was released from post-removal order

detention on January 15, 2008 by means of removal from the United States. *See* Government Exhibit [doc. 6, attachment #2].[1]

At the time that his petition was filed, Petitioner was in post-removal order custody pursuant to the statutory authority of United States Immigration and Customs Enforcement. However, as Petitioner was released from custody on January 15, 2008, the Court finds that his challenge to his detention is now moot and should be dismissed.

ACCORDINGLY,

IT IS RECOMMENDED that the government's Motion to Dismiss for Lack of Jurisdiction be GRANTED, and that Petitioner's petition for writ of *habeas corpus* be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

---

[1] In response to an inquiry from this Court, the government forwarded a copy of the executed Warrant of Removal, which confirms that Petitioner was removed on January 15, 2008.

2

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13th day of March, 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE